IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

**DUSTY MORTON, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.     No. 9:20-cv-245

**ACORN OUTDOOR SERVICES, INC.,**     **DEFENDANTS**
**and JUSTIN PENICK**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Dusty Morton ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendants Acorn Outdoor Services, Inc., and Justin Penick (hereinafter collectively "Defendants"), he states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1.  This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

2.  Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' failure to pay proper overtime compensation under the FLSA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts complained of herein were committed and had their principal effect against Plaintiff within the Lufkin Division of the Eastern District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

5. Plaintiff is an individual and resident of Angelina County.

6. Separate Defendant Acorn Outdoor Services, Inc. ("Acorn"), is a domestic, for-profit corporation.

7. Acorn's registered agent for service of process is Justin Penick, at 7680 FM 2497, Lufkin, Texas 75904.

8. Separate Defendant Justin Penick ("Penick") is an individual and resident of Texas.

9. Defendants maintain a website at http://www.acornforestry.net/.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Penick is a principal, director, officer, and/or owner of Acorn.

12. Penick took an active role in operating Acorn and in the management thereof.

13. Penick, in his role as an operating employer of Acorn, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

14. Penick, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedules, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

15. Within the three years preceding the filing of this Complaint, Defendants have continuously employed at least four employees.

16. Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as bulldozers and other machinery.

17. Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

18. Defendants are employers within the meaning of the FLSA and have been, at all times relevant herein, Plaintiff's employer.

19. Acorn is a full-service forestry company that provides services such as heavy mechanical site prep, site prep burning, and other services.

20. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

21. Defendants employed Plaintiff as a heavy mechanical operator from June of 2020 until November of 2020.

22. Defendants classified Plaintiff as an hourly employee, non-exempt from the overtime requirements of the FLSA.

23. Defendants employ heavy mechanical operators and other hourly employees, such as mechanics, bulldozer hands, and burn crew hands (hereinafter collectively "Forestry Workers") in order to perform the forestry services that they offer.

24. Defendants also classified other Forestry Workers as hourly employees, non-exempt from the overtime requirements of the FLSA.

25. Defendants directly hired Plaintiff and other Forestry Workers, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

26. Plaintiff and other Forestry Workers regularly worked in excess of forty hours per week throughout their tenure with Defendants.

27. Defendants paid Plaintiff and other Forestry Workers 1.25x their base hourly rate for the hours they worked over 40 hours and up to 60 hours in a workweek.

28. Defendants paid Plaintiff and other Forestry Workers 1.5x their base hourly rate for the hours they worked over 60 hours in a workweek.

29. As a result, Defendants failed to pay Plaintiff and other Forestry Workers 1.5x their hourly rate for all hours they worked over 40 hours per workweek in violation of the FLSA.

30. Additionally, Defendants imposed paycheck fines on Plaintiff and other Forestry Workers for tardiness, absences, and failure to properly record information in the time-keeping app which Defendants required Plaintiff and other Forestry Workers to use.

31. Defendants deducted set amounts ranging from approximately from Plaintiff and other Forestry Workers' pay for these infractions.

32. Defendants' deductions for Forestry Workers' tardiness ranged from approximately $50.00 to $100.00, deductions for Forestry Workers' absences ranged from approximately $100.00 to $400.00 and deductions for misusing the app started at around $5.00.

33. These pay deductions resulted in additional violations of the overtime provisions of the FLSA.

34. Upon information and belief, Defendants' pay practices were the same for all Forestry Workers.

35. Defendants knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Forestry Workers violated the FLSA.

36. At all relevant times herein, Defendants have deprived Plaintiff and other Forestry Workers of proper overtime compensation for all of the hours worked over forty per week.

37. Defendants knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Forestry Workers violated the FLSA.

## V.  REPRESENTATIVE ACTION ALLEGATIONS

38. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

39. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Overtime premiums for all hours worked over forty hours in any week;

    B.    Liquidated damages; and

    C.    Attorney's fees and costs.

40. Plaintiff proposes the following class under the FLSA:

**All Forestry Workers within the past three years.**

41. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

42. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

43. The members of the proposed FLSA class are similarly situated in that they share these traits:

    A.    They were paid hourly;

    B.    They were subject to Defendants' common policy of deducting pay from their wages for tardiness, absences, and failure to properly record information in the time-keeping app;

    C.    They were subject to Defendants' common policy of failing to pay a proper overtime rate for hours worked over forty in a week.

44.    Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds fifty persons.

45.    Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

46.    The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

47.    The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

48.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

49.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

50.    At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

51.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

52.    Defendants classified Plaintiff as non-exempt from the requirements of the FLSA.

53. Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendants failed to pay Plaintiff 1.5x his regular rate for all hours worked in excess of 40 per week.

54. Defendants knew or should have known that its actions violated the FLSA.

55. Defendants' conduct and practices, as described above, were willful.

56. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

57. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

58. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

59. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

60. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

61. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

62. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

63. Defendants classified Plaintiff and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

64. Defendants failed to pay Plaintiff and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week.

65. Defendants knew or should have known that its actions violated the FLSA.

66. Defendants' conduct and practices, as described above, were willful.

67. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

68. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

69.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Dusty Morton, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.      Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA and its related regulations;

B.      Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.      Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA and its related regulations;

D.      Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA and its related regulations;

E.      An order directing Defendants to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**DUSTY MORTON, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com